IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

    Plaintiff,

v.                                                                                  No. 11-1236

PRESTON PEGG, JR. and
PRESTON PEGG III,

    Defendants.
_____

ORDER PERMITTING INTERPLEADER ACTION AND DIRECTING PLAINTIFF TO
DEPOSIT FUNDS WITH THE COURT AND TO OBTAIN
MAILING ADDRESS OF DEFENDANT PRESTON PEGG, JR.
_____

        This matter is before the Court on the motion of the Plaintiff, Prudential Insurance Company of America ("Prudential"), for judgment on the pleadings, to interplead and to dismiss.  Prudential is an insurance company with its principal place of business in New Jersey and authorized to do business in Tennessee.  The Plaintiff issued a group life insurance policy to Dollar General Corporation under which the life of Joanna D. Pegg was insured.  Mrs. Pegg designated her husband, Defendant Preston Pegg, Jr., as the sole primary beneficiary to the policy's coverage, and her adult son, Defendant Preston Pegg III, as sole contingent beneficiary.

        On or about July 30, 2010, Mrs. Pegg died as a result of a gunshot wound.  The death was ruled a homicide.  Death benefits in the amount of $67,000, comprising $10,000 in basic coverage and $57,000 in optional coverage, became due and payable to a beneficiary.  Prudential concedes liability under the policy.  Preston Pegg, Jr. was arrested and charged with Mrs. Pegg's murder and, at the time the instant motion was filed, was awaiting trial in the Alcorn County, Mississippi jail.

On February 28, 2012, Preston Pegg III filed with the Court a copy of a sentencing order issued by the Circuit Court of Alcorn County, Mississippi on February 2, 2012 reflecting that Preston Pegg, Jr. was sentenced to life imprisonment without the possibility of parole plus ten years. The younger Pegg has made a formal claim for the proceeds of the policy. The elder has not waived his interest therein. On August 5, 2011, Prudential commenced this action naming both Peggs as Defendants and seeking to interplead the death benefit in order for the Court to determine which Defendant is entitled to the policy proceeds. The Plaintiff noted its potential liability to multiple claimants based on the application of the Tennessee "Slayer Statute," codified at Tennessee Code Annotated § 31-1-106, which states that

> [a]ny person who kills, or conspires with another to kill, or procures to be killed, any other person from whom the first named person would inherit the property, either real or personal, or any part of the property, belonging to the deceased person at the time of the deceased person's death, or who would take the property, or any part of the property, by will, deed, or otherwise, at the death of the deceased, shall forfeit all right in the property, and the property shall go as it would have gone under § 31-2-104, or by will, deed or other conveyance, as the case may be . . .

Tenn. Code Ann. § 31-1-106. Prudential averred in its complaint that, if Preston Pegg, Jr. were disqualified from receiving the death benefit under the state statute, the benefit would be due and payable to the sole contingent beneficiary, Preston Pegg III.

The insurer requests an order directing it to deposit the death benefit plus claim interest, if any, with the Court; dismissing it from this action with prejudice; enjoining and restraining the parties from commencing any other action or proceeding against it seeking payment of the death benefit or otherwise in connection with the policy; and granting it attorneys' fees and costs incurred relative to this lawsuit.

Rule 22 of the Federal Rules of Civil Procedure provides that "[p]ersons with claims that

may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a)(1).[1]  "Interpleader is an equitable proceeding that affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under [its] control a procedure to settle the controversy and satisfy [its] obligation in a single proceeding." United States v. High Tech. Prods, Inc., 497 F.3d 637, 641 (6th Cir. 2007) (internal quotation marks omitted). "An interpleader action typically proceeds in two stages." Id. "During the first stage, the court determines whether the stakeholder has properly invoked interpleader, including whether the court has jurisdiction over the suit, whether the stakeholder is actually threatened with double or multiple liability, and whether any equitable concerns prevent the use of interpleader." Id. "When the court decides that interpleader is available -- typically, at the conclusion of the first stage -- it may issue an order discharging the stakeholder, if the stakeholder is disinterested, [and] enjoining the parties from prosecuting any other proceeding related to the same subject matter[.]" Id. "During the second stage, the court determines the respective rights of the claimants to the fund or property[.]" Id.

With respect to the first stage, "[a]s the language of Rule 22 makes clear, a prerequisite for permitting interpleader is that two or more claimants must be adverse to each other." Id. at 642 (internal quotation marks omitted). "Accordingly, the primary test for determining the propriety of interpleading the adverse claimants and discharging the stakeholder is whether the stakeholder legitimately fears multiple vexation directed against a single fund or property." Id. (internal

---

[1] Interpleader may be invoked in the federal courts by Rule 22 or the Interpleader Act, 28 U.S.C. § 1335, which grants the district courts jurisdiction to "resolve certain kinds of disputes over money or property." High Tech. Prods., 497 F.3d at 641 n.1; First Trust Corp. v. Bryant, 410 F.3d 842, 852 n.6 (6th Cir. 2005), *reh'g & reh'g en banc denied* (Aug. 30, 2005). Here, Prudential has brought this action pursuant to both § 1335 and Rule 22.

quotation marks & alterations omitted). "The Sixth Circuit's requirement of a 'legitimate' fear of overlapping litigation does not imply review of the merits of the adverse claims, which would instead be reserved for the second-stage of interpleader." Mudd v. Yarbrough, 786 F. Supp. 2d 1236, 1240 (E.D. Ky. 2011) (citing 7 Fed. Prac. & Proc. Civ. § 1704). Rather, "this requirement [is] satisfied where multiple claimants present competing claims for the same identifiable products." Id. at 1240-41.

Here, the Court finds that interpleader is available. This Court has jurisdiction over the subject matter of this action based on 28 U.S.C. § 1331[2] as the claim arose under ERISA. In addition, Prudential is at risk of exposure to double liability by adverse claimants as Preston Pegg, Jr., the proper beneficiary under normal circumstances, is subject to disqualification under § 31-1-106 and he has failed to waive his claim to the policy proceeds in favor of Preston Pegg III, the contingent beneficiary. *See* Usable Life v. Gann, No. 1:09-CV-77, 2009 WL 4348588, at *1 (E.D. Tenn. Nov. 24, 2009) (element of whether stakeholder is actually threatened with multiple liability was satisfied where plaintiff insurer risked exposure to double liability by adverse claimants because principal beneficiary, who murdered his wife, the insured, was at risk of disqualification under § 31-1-106 and he had failed to relieve insurer of liability should benefits be paid to the guardian of his wife's minor child). Furthermore, the Court is unaware of any equitable concerns that would prevent the use of interpleader in this case.

Accordingly, the Plaintiff is hereby DIRECTED to deposit the death benefit funds, plus claim interest, if any, into the custody of the Court within ten (10) days of the entry of this order.

---

[2]Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

4

Prudential is also DIRECTED, within ten (10) days, to ascertain the current mailing address of Defendant Preston Pegg, Jr., presumably by contacting Mississippi prison authorities, and advise the Court thereof.[3] At that point, the Court will issue an order directing Preston Pegg, Jr. to show cause why the proceeds of the policy insuring the life of Mrs. Pegg should not be awarded to Defendant Preston Pegg III.

      IT IS SO ORDERED this 27th day of July 2012.

                                s/ J. DANIEL BREEN
                                UNITED STATES DISTRICT JUDGE

---

[3] The elder Pegg has made no appearance in this case.